D. B. DUNLEVY *v.* J. B. OBANNON ET AL.

Principal and Agent—Agency—When Principal not Liable.
An agreement that merchants would take from a purchaser tea at a
certain amount per pound of a certain description, if he would furnish
that quantity and quality, will not bind them as principal to the vendor
of the said purchaser.

**Same—Notice—Holding of Same Merely for Safety of the Bailor.**

Notifying the consignor of their refusal to accept the tea shipped as not of the standard required and that they contracted for, and merely received same for safe keeping, was sufficient to relieve them of liability.

APPEAL FROM JEFFERSON CIRCUIT COURT.

January 22, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Had the appellees employed Todd as their agent to buy tea for them, they might have been bound to the appellant for the price of the tea, which Todd bought from appellant for them. But the testimony could not be consistently so interpreted as to allow any other deduction than that the appellees only agreed with Todd to pay him $1.75 per pound for 8 caddies of tea of a certain description if he would furnish that quantity and kind.

This would not bind them as purchasers from Todd's vendors.

And, the appellees rightfully refusing to receive, as purchasers, the tea actually consigned to them of a different kind than that which they had contracted for, are not liable to the appellant as they did not use it, but only kept it for safety and notified the appellant that they would not keep it otherwise than as his bailee.

The evidence of such notification was competent and sufficient, and there is no evidence of the loss of any of the tea by the act or negligence of the appellee.

Consequently, perceiving no error in any of the rulings of the court, the judgment is *affirmed.*

*Brown, for appellant.*

*Harrison, for appellee.*